**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| CHAD L. FINK, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | 1:02-CV-202-2 (WLS) |
| : | |
| CHARLES D. HOBBS and : | |
| BARTON G. PITTS, : | |
| Defendants. : | |
| : | |
| _____: | |

**ORDER**

Presently pending before the Court is Plaintiff's Motion for Partial Summary Judgment. (Doc. No. 20). For the reasons stated below, Plaintiff's Motion for Partial Summary Judgment (Doc. No. 20) is **DENIED.**

**I.   OVERVIEW**

Land Center II is a limited liability company organized and existing under the laws of the State of Alabama with its principal place of business in Alabama. It was formed pursuant to a partnership agreement dated May 1, 1997. ("Partnership Agreement"). Land Center II's initial partners were Plaintiff, Defendant Charles D. Hobbs ("Defendant Hobbs") and Defendant Barton G. Pitts. ("Defendant Pitts").

On August 1, 1999, Land Center II allegedly borrowed from Plaintiff the sum of $112,000.00 with an interest rate of 12% per annum after August 1, 1999 until the date of

1

payment.  The indebtedness was evidenced by a demand promissory note executed by Defendant Hobbs and Defendant Pitts on that date. In the event that collection was made by and through an attorney at law, the promissory note provided that the endorsers of said note agree to pay Plaintiff an additional 15% of the principal and interest as attorneys' fees.  Plaintiff has demanded that the endorsers of the note, Defendants Hobbs and Pitts, make payment. Defendant Hobbs and Defendant Pitts have not made payment on the promissory note. Plaintiff filed a Motion for Partial Summary Judgment as to Count VI seeking $185,091.51 in indebtedness owing on the promissory note, principal and interest, and $27,763.73 in attorneys' fees, for a total amount of $212,855.24.

## II.     JURISDICTION and VENUE

Pursuant to 28 U.S.C. §1332, this Court has subject matter jurisdiction over this action because Plaintiff, a citizen of South Carolina, is of diverse citizenship from both Defendant Hobbs and Defendant Pitts, both citizens of Georgia; and the amount in controversy, exclusive of interest and costs exceeds $75,000.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because both Defendant Hobbs and Defendant Pitts reside in this judicial district and in the State of Georgia. Additionally, a substantial part of the events giving rise to this claim occurred within Georgia.

## III.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S.

317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  An issue is "genuine" if the quantum and quality of proof necessary to support liability under the claim is raised.  Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir. 1997).  A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim.  Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d. 202 (1986); *see also* Allen v. Tyson Foods, 121 F.3d at 646.  A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim.  *See* Cleveland v. Policy Management Sys. Corp., 526 U.S. 795, 804, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999); Celotex Corp. v. Catrett, 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing, or by pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-24.  Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. at 324.  To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 1067 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and

3

determine whether that evidence could reasonably sustain a jury verdict. Celotex Corp. v. Catrett, 477 U.S. at 322-23; Allen v. Tyson Foods, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

## IV.  ANALYSIS

In an action on a promissory note, Plaintiff may establish a prima facie right to judgment as a matter of law by producing the promissory note and showing that it was executed. Jay Gleason Advertising Svc. v. Gleason, 193 Ga.App. 445 (1989). In the instant action, Plaintiff established such a prima facie right to judgment by producing the executed $112,000.00 promissory note. Accordingly, the burden now shifts to Defendants to establish an affirmative defense to Plaintiff's claim. *See* Kelly v. Pierce Roofing Co., 220 Ga.App. 391, 392-393 (1996). Defendant Hobbs met this burden. Defendant Pitts did not submit a response.[1]

### A.  Defendant Hobbs' Response to Plaintiff's Motion

As a general rule, "the maker [of a promissory note] can always plead failure of consideration in defense to a suit on a promissory note." Emerson v. Cousins Mortgage & Equity Investments, 145 Ga.App. 883, 884 (1978). In his response to Plaintiff's Motion for Partial Summary Judgment, Defendant Hobbs raises an affirmative defense of "failure of

---

[1] At the commencement of the instant action, Defendants Hobbs and Pitts were jointly represented by counsel. (Doc 9). Defendants' counsel was permitted to withdraw from the case after proper filing of a motion to withdraw. (Docs 15, 17). Procedurally, it appears that Defendant Hobbs has continued joint representation; representing himself *pro se* as well as Defendant Pitts. (Doc 21). While, the Court finds this improper, it also notes that the Defendants never received formal notices on how to properly proceed *pro se*. These notices will follow the publication of this Order; and will be delivered to each Defendant separately.

consideration." Specifically, Defendant Hobbs claims that he is relieved from liability under the promissory note because the note itself only represents a memorandum of a capital contribution to the partnership and Plaintiff understood at the time of the deposit that the note would be repaid from future profits. Plaintiff borrowed the funds for the capital contribution to the partnership from his parents at the same terms and conditions of the promissory note. Furthermore, Defendant asserts that Plaintiff withdrew $55,338.90 from these partnership funds which offset the capital contribution Plaintiff already made. Moreover, Defendant states that the promissory note upon which Plaintiff now seeks judgment as a matter of law is in actuality a renewal of a promissory note signed by Plaintiff as partner in Land Center II and owed to himself from a year before which Plaintiff has already acknowledged by deposition that it was never paid. As evidence in support of his defense, Defendant Hobbs attached: a document purporting to represent Plaintiff's original deposit to the capital account ("Exhibit 1"); a document purporting to represent the drawing account of Plaintiff indicating the total withdrawals against Plaintiff's deposit of capital ("Exhibit 2"); a document purporting to be a promissory note from Plaintiff to his parents ("Exhibit 3"); and a document purporting to represent a prior promissory note dated August 1, 1998 ("Exhibit 4").

  O.C.G.A. § 11-3-108(a) states:

> a promise or order is "payable on demand" if it (I) states that it is payable on demand or at sight, or otherwise indicates that it is payable at the will of the holder; or (ii) does not state any time of payment.

With or without reason, a demand promissory note is due immediately. <u>Fulton Nat. Bank v. Willis Denney Ford, Inc.</u>, 154 Ga.App. 846 (1980). Under O.C.G.A. § 11-3-412, "the issuer, or

maker, of a note . . . is obliged to pay the instrument (I) according to its terms at the time it was issued or, if not issued, at the time it first came into possession of a holder." However, the text of the instant promissory note itself does not describe the specific consideration given, stating only that it was given "for value received." A note "is not complete on its face and is ambiguous as it does not specify the consideration received by [Defendant Hobbs] in exchange for the note." Jaraysi v. Soloway, 215 Ga.App. 531, 533 (1994). Georgia Courts have held that "[w]here a promissory note recites no consideration except in the words 'for value received,' and suit is brought thereon by the payee against the maker, the real consideration of the note may be inquired into as far as may be necessary to the defense pleaded." Dunson & Bros. Co. v. J.C. Smith Seed Co., 26 Ga.App. 585 (1921). Where the defense pleaded is failure of consideration, as in the instant action, an inquiry into the consideration agreed upon is necessary. Therefore, Defendant Hobbs has successfully established an affirmative defense. As a result, the burden shifts back to Plaintiff to establish that there exists no genuine issue of material fact as to Defendant Hobbs' affirmative defense. Plaintiff has not met this burden because there remains a contested issue of material fact as to the consideration agreed upon by the parties in return for the promissory note.

The Court, therefore **DENIES** Plaintiff's motion for partial summary judgment as it relates to Defendant Hobbs.

    **B.**    **Defendant Pitts' Non-response to Plaintiff's Motion**

As noted previously, Defendant Pitts failed to respond to Plaintiff's motion for partial summary judgment. In addition, Defendant Pitts failed to file a statement of material facts which are in dispute. The Local Rules of the United States District Court for the Middle

District of Georgia (hereinafter "local rules") require:

> The respondent to a motion for summary judgment shall attach to the response a **separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried.  Response shall be made to each of the movant's numbered material facts.  All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate.**  The response that a party has insufficient knowledge to admit or deny is not an acceptable response unless the party has complied with the provisions of Rule 56(f) of the Federal Rules of Civil Procedure.

Local Rules for the United States District Court for the Middle District of Georgia 56 (amended June 13, 2003) (emphasis added).  Local Rule 56 provides further that "[s]tatements in the form of issues or legal conclusions (rather than material facts) will not be considered by the court."  L.R. 56.

Most jurisdictions state uncategorically that local rules operate with the force of substantive law.  Link v. Wabash Railroad Co., 291 F.2d 542 (7th Cir. 1961).   In addition, some jurisdictions allow the granting of default judgments for failure to respond to a motion for summary judgment.  The Eleventh Circuit is more circumspect.  The rule in this circuit is that local rules are binding on the parties, but the enforcement of the rule must be tempered with consideration of the circumstances.  Cohen v. Carnival Cruise Lines, Inc., 782 F.2d 923 (11th Cir. 1986).  A local rule cannot eviscerate a statutory right or conflict with the federal rules.  Villano v. City of Boynton Beach, 254 F.3d 1302, 1310-11 (11th Cir. 2001).  While not binding on this Court, a Florida district court rejected a magistrate's recommendation to enter a default judgment on a motion for summary judgment because the respondent failed to respond to the

motion in violation of the local rule.  Kinder v. Carson, 127 F.R.D. 543 (S.D. Fla. 1989).

Likewise, in the Eleventh Circuit a district court cannot grant a motion for summary judgment based on default or as a sanction for failure to respond.  The Eleventh Circuit has stated:

> We held that "[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *Id.* at 1101. We also held that in that context "[i]f a local rule purports to allow summary judgment to be granted by default, the rule is impermissible" because it would be inconsistent with the Federal Rules. *Id.* at 1102. The court noted that Fed.R.Civ.P. 56(e) provides that where " 'the adverse party does not respond, summary judgment, *if appropriate,* shall be entered against the adverse party.' " *Id.* at 1101 (quoting Fed.R.Civ.P. 56(e))(emphasis in the original). The court then held that summary judgment would be appropriate "where the 'pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)). After so holding, the court in *One Piece of Property* reviewed the summary judgment record, concluded that the record did reveal a genuine issue of material fact, and reversed the district court's grant of summary judgment.

Trustees of Central Pension Fund of International Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc., 374 F.3d 1035, 1039 (11th Cir. 2004).

Thus, even if the Court were inclined by local rule to accept Plaintiff's statement of facts as true without examining the record or to grant Plaintiff's motion because Defendants have failed to respond, it cannot do so on that basis alone.  This Court must make an independent review of the record before deciding Plaintiff's motion.  In its review of the record before deciding Plaintiff's motion in light of the affirmative defense raised by Defendant

8

Hobbs, the Court simultaneously has reviewed the evidence as it relates to Defendant Pitts. The Court finds that there is a genuine issue of material fact with respect to failure of consideration as shown by the record.

The Court, therefore **DENIES** Plaintiff's motion for partial summary judgment as it relates to Defendant Pitts.

**III.    CONCLUSION**

Accordingly, this Court may not grant summary judgment forthwith as a matter of law as Defendant Hobbs, and by necessity Defendant Pitts, have raised a genuine issue of material fact on which they will ultimately bear the burden of proof at trial.   Plaintiff's Motion for Partial Summary Judgment (Doc. No. 20) should be, and hereby is, **DENIED** as to each Defendant.

**SO ORDERED**, this   28th   day of September, 2005.

    /s/W. Louis Sands
**W. Louis Sands, Chief Judge**
**United States District Court**